IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| PAMELA J. HULING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-CV-03051-DEO ) |
| WINNEBAGO INDUSTRIES, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

### Demand for Jury Trial

Comes now Plaintiff, Pamela J. Huling, by counsel, and for her Complaint against Defendant states:

### Jurisdiction and Venue

1. This Complaint raises federal questions, and this Court has jurisdiction over this Complaint by virtue of 28 U.S.C. §1331 and 42 U.S.C. §12101 *et seq.* (Americans with Disabilities Act).

2. Defendant Winnebago Industries, Inc., ("Winnebago") is a for-profit domestic corporation that does business at 605 W. Crystal Lake Road, Forest City, Iowa 50436.

3. Plaintiff ("Mrs. Huling") is a citizen of the United States and a resident of the State of Iowa, currently residing in Forest City, Iowa.

### Facts

4. Mrs. Huling was employed by Winnebago as a full-time assembly plant worker beginning March 29, 1999.

1

5. During her employment with Winnebago, Mrs. Huling suffered from a medical condition that constitutes a "disability" as that term is defined by 42 U.S.C. § 12102(1).

6. Mrs. Huling was able to continue to perform the essential functions of her job despite her disability with reasonable accommodation.

7. Before September of 2008, Mrs. Huling was permitted to use a chair when performing her job as a "wire prep" worker, and therefore did not need any further accommodation of her disability. However, in September of 2008, Mrs. Huling was involuntarily transferred to a different position as a "wire loom" worker and was not permitted to use a chair. Mrs. Huling was not able to stand all day at her "wire loom" job.

8. Mrs. Huling obtained a note from her physician stating that she was able to work but could not stand for more than 4 hours per day, and needed to alternate standing and sitting.

9. Mrs. Huling turned in her physician's restriction and requested a reasonable accommodation of her disability in the form of being able to sit in a chair while working for part of the workday.

10. Instead of offering or discussing a reasonable accommodation, Winnebago told Mrs. Huling that she was "going out on disability" and that she would get short term disability payments for 6 months.

11. On April 6, 2009, Winnebago advised Mrs. Huling that her old position as a "wire prep" worker was not available, and that is had been changed to a combination of

2

3 jobs, done on a rotating basis. Winnebago also advised Mrs. Huling that there were no jobs of any kind available at which she could sit.

12. In fact, the "wire prep" position, even after it had changed to a combination of 3 jobs, could have been performed by Mrs. Huling while sitting. However, Winnebago did not discuss any accommodation with Mrs. Huling.

13. At the expiration of the 6 months of short term disability in March of 2009, Winnebago advised Mrs. Huling that she could return to work only if she had a physician's release, despite the fact that she had previously turned in her physician's restriction that permitted her to work with the accommodation of using a chair.

14. On March 2, 2009, Mrs. Huling's physician again provided Winnebago with a written statement that permitted her to work with the same restrictions that he had provided previously, i.e., that she could not stand for more than 4 hours per day, and needed to alternate standing and sitting. Winnebago nevertheless did not permit Mrs. Huling to return to work, nor did it discuss any reasonable accommodation with her.

15. By letters to Winnebago's Director of Personnel, Larry Kluckhohn, dated May 12, 2009 and June 23, 2009, Mrs. Huling (through her legal counsel) put Winnebago on notice that she was willing and able to return to work with the reasonable accommodation of use of a chair, as required by her physician.

16. Winnebago never permitted Mrs. Huling to return to work, and terminated her employment effective June 22, 2009.

17. Mrs. Huling has exhausted administrative remedies.

## Legal Claims
## Violations of the Americans with Disabilities Act (ADA)

18. Winnebago is a "covered entity" and an "employer" as those terms are defined in 42 U.S.C. §12111(2) and (5).

19. Mrs. Huling is an "employee" and a "qualified individual with a disability" as those terms are defined in 42 U.S.C. §12111(8).

20. Mrs. Huling requested and was not provided with "reasonable accommodation" of her disability, as that term is defined in 42 U.S.C. §12111(9).

21. Mrs. Huling could have performed the essential functions of her position with such reasonable accommodation.

22. In violation of the ADA and its implementing regulations, Winnebago failed and refused to engage in an interactive process to determine if a reasonable accommodation of Mrs. Huling's disability could be made. 29 C.F.R. § 1630.2.

23. Winnebago unlawfully terminated Mrs. Huling's employment because it did not want to provide her with reasonable accommodation and/or because it feared that she would require reasonable accommodation in the future in violation of 42 U.S.C. §12112(b)(5)(A) and (B).

24. Winnebago unlawfully terminated Mrs. Huling's employment based upon discrimination due to her disability in violation of 42 U.S.C. §12112(a).

25. Winnebago unlawfully terminated Mrs. Huling's employment because it regarded her as too disabled to perform her job in violation of 42 U.S.C. §§ 12102(1)(c) and 12112(a).

4

26. Winnebago's violations of the ADA, including its unlawful discrimination against Mrs. Huling based upon her disability and its failure to provide her with reasonable accommodation of her disability, have caused her to suffer damages.

27. The violations of the ADA by Winnebago were intentional, willful, oppressive and in bad faith.

28. The unlawful conduct by Winnebago was with malice or reckless indifference to the federally protected rights of Mrs. Huling.

## Relief Sought

Plaintiff seeks the following relief:

a. Back pay;

b. Reinstatement or front pay;

c. Damages for lost benefits;

d. Other compensatory damages;

e. Punitive damages;

f. Interest;

g. Damages for emotional distress;

h. Attorney fees and costs; and

i. Other relief as is just and proper.

## JURY TRIAL

Plaintiff requests trial by jury in the above cause of action.

5

Respectfully submitted,

The Law Offices of
Timothy L. Lapointe, P.C.

By_____
Timothy L.. Lapointe  AT0004545
COURTSIDE OFFICES
23 3rd Street NW
P.O. Box 525
Mason City, IA 50402-0525
Tel: (641) 424-4333
Fax: (641) 423-2773
E-mail: lapointelaw@mchsi.com
ATTORNEY FOR PLAINTIFF